LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA 85036
(602) 271-7700
Donald Wilson, Jr. (005205)
Sarah L. Barnes (020362)
dwj@bowwlaw.com
slb@bowwlaw.com
Attorneys for Attorney Gukeisen

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THOMAS E. NAVARRO<br>SHARLEEN NAVARRO,<br><br>Debtors, | Case No. 0:09-bk-14500-RJH<br><br>Chapter 7<br><br>**MOTION PURSUANT TO 28 USC § 455 AND F.B.R. 5004 TO DISQUALIFY JUDGE** |

Dan Gukeisen, participating in this matter pursuant to the Order to Show Cause issued on December 2, 2009, hereby respectfully moves, pursuant to 28 U.S.C. § 455 and F.B.R. 5004, to disqualify Judge Haines from further presiding over this matter, including all litigation activities leading up to and including the evidentiary hearing (yet to be set), on the issues raised in the Order to Show Cause.

This Motion is grounded upon Judge Haines having demonstrated that he is neither objectively reasonable nor impartial, in that he has: (1) conducted an *ex parte*, *in camera* investigation which included evidence which cannot be recreated, questioned or cross-examined, and is evidence which was not presented by any of the parties and is not a part of the record; and, (2) has stated on the record and in complaints to the State Bar of Arizona certain opinions concerning Mr. Gukeisen, which opinions reflect that Judge Haines' ruling may be predetermined, in the eyes of an objective observer.

**DISQUALIFICATION IS WARRANTED**

**28 USC § 455(A) – LACK OF OBJECTIVE IMPARTIALITY**

28 U.S.C. § 455(a), which governs Judge Haines pursuant to F.B.R. 5004, provides that a judge has a continuing duty to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. If sufficient factual grounds exist to cause an objective observer to reasonably question the judge's impartiality, then the judge's actual state of mind or intent is irrelevant, and he must disqualify himself. *Bernard v. Coyne,* 31 F.3d 842 (9th Cir. 1994); *United States v. Winston,* 613 F.2d 221 (9th Cir. 1980). If a reasonable person would harbor any doubts about the Judge's impartiality, then disqualification is mandated. *Id.*

Here, there is a sufficient factual record from which a reasonable observer could call into question Judge Haines' impartiality with regard to Mr. Gukeisen. In the January 7th hearing addressing the December 2, 2009 Order to Show Cause, Judge Haines admitted on the record that he previously referred Mr. Gukeisen to the State Bar of Arizona for possible discipline. *See* Highlighted Copy of January 7th Hearing Transcript attached hereto as Exhibit 1. That referral, which was in letter form from Judge Haines to the State Bar on December 4, 2008, sought discipline against Mr. Gukeisen in connection with a prior matter in Judge Haines' court. *See* Highlighted Copy of December 4, 2009 Judge Haines Letter attached hereto as Exhibit 2. The conduct that Judge Haines took issue with included conduct similar to the allegations in this matter, i.e., multiple lawyers handling the matter and lack of communication between the client and the lawyer. A State Bar investigation was initiated in response to that letter, and that investigation has not been resolved. As such, Judge Haines, as complainant, may still play an active role in the investigation/resolution of that pending matter. Judge Haines' participation in the State Bar investigation, as well as his initial referral of Mr. Gukeisen for discipline, creates the appearance to any reasonably objective observer that Judge Haines has preconceived

opinions as to the propriety of Mr. Gukeisen's conduct, and therefore, his ability to treat Mr. Gukeisen impartially in this proceeding is reasonably called into question, and, at a minimum, gives the appearance of impropriety.

Additionally, after his referral of Mr. Gukeisen, Judge Haines issued another referral to the State Bar, this time a referral for discipline of Attorney Kirk Guinn (also a party here), in which he further discussed Mr. Gukeisen and or his law firm. *See* Copy of August 3, 2009 Judge Haines Letter attached hereto as Exhibit 3. In fact, Judge Haines sent a follow-up letter in that matter indicating he was continuing to monitor the referral website affiliated with Messrs. Guinn and Gukeisen's practices, which website is also at issue herein. *See* Copy of September 1, 2009 Judge Haines Letter attached hereto as Exhibit 4. Again, the State Bar initiated an investigation pursuant to this referral, which also has not been resolved and could entail further participation by Judge Haines. Thus, Judge Haines is a complainant in two active administrative proceedings involving parties and similar issues in this matter.

Finally, Judge Haines also made comments in the January 7th hearing suggesting that disbarment would be the appropriate remedy to seek against Mr. Gukeisen, even though the Trustee was not seeking such drastic relief. *See* Exhibit 1, January 7th Transcript at page 12. Clearly, Judge Haines has already decided upon a verdict and his impartiality can be objectively and reasonably questioned. However, whether the Judge subjectively believes he is or can be impartial, that belief is irrelevant and does not permit Judge Haines to continue to preside in light of the objective appearance of lack of impartiality.

**28 USC § 455(B)(1) – PRETRIAL KNOWLEDGE FROM EXTRA-JUDICIAL SOURCES**

Under 28 U.S.C. § 455(b)(1), a judge must also disqualify himself if he has independent knowledge of any facts of the case, which knowledge was obtained from an extra-judicial source. Even if the information may be unrelated to any perceived bias,

recusal is still warranted. *Bernard,* 31 F.3d 842.

As stated above, Judge Haines has acknowledged previously acquiring information about Mr. Gukeisen's practice and the Bankruptcy Helpers, Inc. business model, which are expressly the subject of the claims here, and referring Mr. Gukeisen for discipline in light of that acquired information. The referrals are even based on similar allegations.

Moreover, in the preliminary hearings in this matter, Judge Haines admitted to looking at outside sources of information regarding Mr. Gukeisen. Judge Haines repeatedly volunteered that he looked at websites or other places on the Internet regarding Mr. Gukeisen, his law firm or Bankruptcy Helpers, Inc., not only before and after the initial OSC hearings, but in connection with the prior cases and his referral of Mr. Gukeisen to the State Bar. *See* Highlighted Copy of January 19th Hearing Transcript attached hereto as Exhibit 5; Exhibits 1 & 4. Judge Haines has not or cannot make available these outside internet sources for review by Mr. Gukeisen's lawyers, in the state the sources existed at the time of his review; the sources were viewed outside the presence of parties and counsel herein; and, the sources are not a part of the record. Thus, Judge Haines has acquired facts or information from extra-judicial sources, that Mr. Gukeisen cannot fairly challenge, which mandate that Judge Haines disqualify/recuse himself.

## **CONCLUSION**

Based on the foregoing, Mr. Gukeisen respectfully requests that Judge Haines disqualify himself pursuant to his duties under 28 U.S.C. § 455 and F.B.R. 5004, and immediately refer this matter to the presiding judge for reassignment.

RESPECTFULLY SUBMITTED this 17th day of February, 2010.

BROENING OBERG WOODS & WILSON, P.C.

By /s/ Donald Wilson, Jr.
Donald Wilson, Jr.
Sarah L. Barnes
Post Office Box 20527
Phoenix, Arizona 85036
Counsel for Attorney Gukeisen

| | |
|---|---|
| 1 | Original filed and copies mailed or e-mailed (pursuant to party agreement) on this 17th day of February, 2010 to: |
| 2 | |
| 3 | Christopher J. Pattock<br>Office of the U.S. Trustee<br>230 N. First Avenue, #204<br>Phoenix, AZ 85003-1706<br>Attorney for Trustee |
| 4 | |
| 5 | |
| 6 | William E. Pierce<br>P. O. Box 429<br>Chino Valley, AZ 86323-0429<br>Trustee |
| 7 | |
| 8 | Thomas and Sharlene Navarro<br>P.O. Box 1507<br>Mesquite, NV 89024<br>Debtors |
| 9 | |
| 10 | Brian Holohan, Esq.<br>P.O. Box 4035<br>Phoenix, AZ 85030-4035<br>Attorney for Bankruptcy Helpers, Inc. |
| 11 | |
| 12 | |
| 13 | Mark I. Harrison, Esq.<br>Jason J. Romero, Esq.<br>2929 North Central Ave., Suite 2100<br>Phoenix, AZ 85012-2793<br>Attorneys for Kirk Guinn |
| 14 | |
| 15 | |
| 16 | /s/ Shari L. Swartz |