| | |
|---|---|
| ILENE J. LASHINSKY (#003073)<br>United States Trustee<br>District of Arizona<br><br>CHRISTOPHER J. PATTOCK (#009797)<br>Trial Attorney<br>230 N. 1st Ave., #204<br>Phoenix, Arizona 85003-1706<br>(602) 682-2600 (telephone)<br>(602) 514-7270 (facsimile) | **IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**<br>The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.<br>**Dated: June 03, 2010** <br><br>_Randolph J. Haines_<br>**RANDOLPH J. HAINES**<br>**U.S. Bankruptcy Judge** |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THOMAS E. NAVARRO, and<br>SHARLENE NAVARRO,<br><br><br>                         Debtors. | Chapter 7<br><br>No. 0:09-bk-14500-RJH<br><br>ORDER APPROVING STIPULATION<br>BETWEEN UNITED STATES TRUSTEE,<br>DANIEL GUKEISEN, KIMBERLY RICHTER<br>AND BANKRUPTCY HELPERS, INC. |

The United States Trustee, Daniel Gukeisen, Kimberly Richter, and Bankruptcy Helpers, having submitted a Stipulation proposing to resolve this Court's December 2, 2009 Order to Show Cause in the above captioned proceeding as it relates to said parties, and good cause appearing,

IT IS ORDERED that:

1. This Order is binding upon: The United States Trustee for the District of Arizona, Region 14 (hereinafter "UST"); Daniel Gukeisen and the Gukeisen Law Group (hereinafter "Gukeisen"), Kimberly Richter (hereinafter "Richter"), Bankruptcy Helpers, Inc. (hereinafter "Bankruptcy Helpers"), and any other entity or organization in which Gukeisen, Richter, and/or

Bankruptcy Helpers: a) has a controlling ownership interest now or in the future; b) is in control now or in the future; or c) from which they receive compensation, if they have a controlling interest in said entity or organization, in any form now or in the future, including, but not limited to, wages, salary, commissions, dividends, or property; in addition to any officers, directors, agents, employees, or servants of Gukeisen, Richter or Bankruptcy Helpers, Inc. This Order is binding upon the referenced parties in all bankruptcy cases filed within the District of Arizona.

2. The Stipulation entered into between the UST, Gukeisen, Richter, and Bankruptcy Helpers and filed with this Court, is hereby approved in its entirety, and is incorporated herein by this reference. This Order shall supercede the Stipulation to the extent, if at all, that they are inconsistent. This Court shall retain jurisdiction to enforce said Stipulation and this Order.

3. Bankruptcy Helpers is a bankruptcy petition preparer within the meaning of 11 U.S.C. Section 110 for purposes of the above captioned case only, and is therefore subject to the requirements of Section 110 in this case. In all other bankruptcy cases filed prior to the execution of the Stipulation, where it is or may be alleged that Bankruptcy Helpers is a bankruptcy petition preparer within the meaning of 11 U.S.C. Section 110, those allegations in those discrete cases will be determined on their own merits, without reference to the Stipulation or this Order and shall have no evidentiary, precedential or issue preclusive effect.

4. Any and all fees or monies that Gukeisen receives from or on behalf of a debtor in connection with any bankruptcy case in which he is involved as a lawyer, whether the fees or monies are for services rendered to a debtor or for filing fees or other court fees, may only be paid to (or made payable to) Gukeisen personally, to a lawyer in Gukeisen's firm who is supervised by Gukeisen, or to a law firm (as defined in ER 1.0(c), Arizona Rules of Professional Conduct) in which he is an equity holder, by whom he is employed, or is of counsel.

Additionally, all such fees, including but not limited to bankruptcy filing fees, relating to the filing of any bankruptcy documents, such as petitions or schedules, shall not be made payable to, or collected or handled by Bankruptcy Helpers or Richter. Notwithstanding the foregoing, Richter may handle such fees only if she is employed by and properly supervised by a licensed attorney and/or law firm. All parties to the Stipulation will observe all relevant law concerning the sharing of fees, including 11 U.S.C. § 504 and ER 1.5(e) and ER 7.2(b), Arizona Rules of Professional Conduct (if an attorney).

5. Any filing fees or any other court fees paid or to be paid to the bankruptcy court for or on behalf of a debtor in a bankruptcy case in which Gukeisen is debtor(s)' bankruptcy counsel may be paid to the court only by Gukeisen personally, by a lawyer in Gukeisen's firm who is supervised by Gukeisen, or by a law firm (as defined in ER 1.0(c), Arizona Rules of Professional Conduct) in which he is an equity holder, by whom he is employed, or is of counsel. Additionally, such fees may not be paid from the funds or accounts of Bankruptcy Helpers or Richter, and may not be handled by Bankruptcy Helpers or Richter. Richter may handle such fees only if she is employed by and properly supervised by a licensed attorney and/or law firm.

6. All communication with debtors in all bankruptcy cases in which Gukeisen is debtor(s)' bankruptcy counsel shall be made solely by Gukeisen and/or non-lawyer assistants properly supervised by him as described in ER 5.3, Arizona Rules of Professional Conduct. Gukeisen will also properly communicate with debtors in accord with ER 1.4, Arizona Rules of Professional Conduct. Bankruptcy Helpers and Richter shall not communicate with debtors. Richter may communicate with debtors only if she is properly supervised by an attorney as required by ER 5.3, Arizona Rules of Professional Conduct, but shall not give any legal advice.

7. All legal advice given to debtors in all bankruptcy cases in which Gukeisen

represents the debtor(s)' as bankruptcy counsel shall be given solely by Gukeisen, and/or other lawyers in his firm as permitted by applicable law, and the Arizona Rules of Professional Conduct.

8. In all bankruptcy cases in which Gukeisen is the attorney of record, Gukeisen must personally attend the Meetings of Creditors and properly and competently represent the debtors at same, absent exigent or unusual circumstances. If exigent or unusual circumstances necessitate the appearance of a substitute attorney, the substitute attorney shall: 1) be sufficiently familiar with the debtor's case in order to enable the substitute attorney to competently represent the debtor; 2) shall have contacted the debtors and made arrangements to meet prior to the section 341 meeting of creditors for preparation; and 3) shall have filed a Rule 2016 Statement and a Limited Notice of Appearance with the Bankruptcy Court at least two business days in advance of the Meeting of Creditors.

9. All advertising by Gukeisen, Richter, and/or Bankruptcy Helpers concerning or related to any bankruptcy services to be performed by any or all of them in connection with any bankruptcy case in which Gukeisen, Richter or Bankruptcy Helpers is involved in any way, must be in full compliance with all of the provisions of the Stipulation and this Order, in addition to: the Bankruptcy Code; the Rules of Bankruptcy Procedure; and the Arizona Rules of Professional Conduct, including, but not limited to ER 7.2, Arizona Rules of Professional Conduct (the latter if an attorney). Such includes advertising in any form and in any venue, including, but not limited to, the Internet, any website to which Gukeisen, Richter, and/or Bankruptcy Helpers have creative access, and the website "www.wantafreshstart.com." This applies only to the extent Gukeisen, Richter and/or Bankruptcy Helpers have creative control or access. Neither Bankruptcy Helpers nor Richter shall represent or advertise to the public that they are authorized

to provide legal services, and also agree to comply with all applicable federal and state law proscriptions concerning the unauthorized practice of law.

10. Gukeisen shall pay the sum of $1,500 to Thomas and Sharlene Navarro within 30 days of the execution of this Order, failing which the United States Trustee shall be authorized to lodge judgment(s) for the Navarros in that amount against Gukeisen, Richter, and Bankruptcy Helpers, jointly and severally.

11. Gukeisen, Richter and Bankruptcy Helpers shall abide by the provisions of: 11 U.S.C. Sections 110, 326, 327, 328, 329, 330; and Rules 2014, 2016 and 2017, Rules of Bankruptcy Procedure; the Arizona Rules of Professional Conduct (if an attorney); in addition to any Amendments or modifications of said Statutes and Rules. They shall also abide by all controlling case law concerning the aforesaid Bankruptcy Code provisions arising out of the United States Bankruptcy Court for the District of Arizona, the United States District Court for the District of Arizona, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals, the United States Circuit Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

12. Any violation(s) of or deviation from the above requirements will subject Gukeisen and/or Richter, and/or Bankruptcy Helpers to potential monetary sanctions and/or injunctive relief deemed appropriate by the Bankruptcy Court. Additionally, both parties reserve the right to pursue any and all remedies available to them in the event of a breach.

13. Each party shall bear its own attorneys fees, costs and expenses.

**DATED AND SIGNED ABOVE.**

H:\ORD-Gukeisen-Richter.doc